**Charlyn D. GODWIN, Plaintiff,**

v.

**WISCONSIN GAS COMPANY,
Defendant.**

**Civ. A. No. 91–C–915.**

United States District Court,
E.D. Wisconsin.

April 16, 1992.

Charlyn D. Godwin, pro se.

Anita M. Sorensen, Foley & Lardner, Milwaukee, Wis., for defendant.

## ORDER

REYNOLDS, Senior District Judge.

Presently before this court is the plaintiff Charlyn Godwin's ("Godwin") March 24, 1992 motion for appointment of counsel. This court must deny without prejudice Godwin's motion.

Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *McKeever v. Israel,* 689 F.2d 1315, 1318 (7th Cir.1982). This court has discretion, however, to appoint counsel for indigent civil litigants under Title 28 United States Code § 1915(d). *Childs v. Duckworth,* 705 F.2d 915, 922 (7th Cir.1983). Counsel must be appointed under § 1915(d) only where the failure to do so would be so fundamentally unfair that the petitioner's due process rights would be violated. *McNeil v. Lowney,* 831 F.2d 1368, 1371 (7th Cir.), *cert. denied,* 485 U.S. 965, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1987).

In order to determine whether counsel should be appointed under § 1915(d), this court must first determine whether the petitioner has made reasonable but unsuc-

cessful efforts to retain counsel or whether the petitioner was effectively precluded from making such efforts. *Jackson v. County of McLean,* 953 F.2d 1070, 1073 (7th Cir.1992). If the petitioner has made no efforts to secure counsel, the motion must ordinarily be denied outright. *Id.*

 Because the Seventh Circuit Court of Appeals has provided no particular guidelines as to how a petitioner satisfies this requirement, this court shall require the petitioner to take the following steps to demonstrate that she has made such reasonable but unsuccessful efforts to secure counsel. The petitioner must initially contact at least three attorneys to request representation in the matter. She must then file with this court and serve upon opposing counsel a motion for appointment of counsel as well as a statement indicating (1) the names of all attorneys from whom the petitioner has sought representation in the matter, (2) the dates of the petitioner's communications with these attorneys, and (3) whether any of the attorneys were willing to represent the petitioner in the matter. Because Godwin has indicated only generally that she has attempted to secure counsel, this court will deny her motion for appointment of counsel without prejudice.

If Godwin does satisfactorily demonstrate that she has made such reasonable efforts to secure counsel, this court will then have to consider five additional factors in deciding whether to appoint counsel to represent her: (1) the merits of the petitioner's claim for relief; (2) the petitioner's ability to investigate crucial facts without counsel; (3) whether the evidence in the case consists largely of conflicting testimony and could therefore only be treated effectively by skilled counsel; (4) the petitioner's ability to present the case; and (5) the complexity of the legal issues raised by the petitioner's complaint. *Id.* at 1072 (citing *McNeil,* 831 F.2d at 1371–72).

Accordingly, if Godwin files a renewed motion for appointment of counsel she must file a statement (1) demonstrating that she has made unsuccessful efforts to retain counsel and (2) specifically addressing the five factors listed above to assist the court in ruling on her request. This court also reminds Godwin that she must serve upon all counsel of record copies of any documents that she files with this court.

IT IS THEREFORE ORDERED that the plaintiff Charlyn D. Godwin's March 24, 1992 motion for appointment of counsel is DENIED WITHOUT PREJUDICE.