978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Fortunato H. RIVERA, Plaintiff/Appellant,
v.
Dr. SARDON, Defendant/Appellee.
 No. 91-3123.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 14, 1992.*
Decided Oct. 27, 1992.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Fortunato Rivera, an inmate incarcerated at the Indiana State Prison, brings this suit under 42 U.S.C. § 1983. Rivera claims that Dr. Danny Sardon violated the Eighth Amendment proscription against cruel and unusual punishment by providing inadequate medical care. The district court granted summary judgment in favor of Dr. Sardon, and we affirm for the reasons stated in the attached district court order.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 NORTHERN DISTRICT OF INDIANA
 SOUTH BEND DIVISION
 FORTUNATO H. RIVERA, Plaintiff
 
 2
 vs.
 
 DR. SARDON, Defendant
 CAUSE NO. S90-313 (RLM)
 MEMORANDUM AND ORDER
 
 3
 This cause is before the court on defendant Dr. Danny Sardon's separate motions to dismiss and for summary judgment pursuant to Rule 56, Fed.R.Civ.P. Plaintiff Fortunato Rivera filed no response, although he filed a third motion for appointment of counsel. The court appointed counsel for Mr. Rivera in March, but the court granted that counsel leave to withdraw about two weeks later. With the court's permission, Mr. Rivera filed an amended complaint. The defendant's motion to dismiss and motion for summary judgment followed. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). For the reasons that follow, the court denies the defendant's motion to dismiss as moot. Because the defendant has met his burden of showing the absence of a material factual dispute and his entitlement to judgment as a matter of law, and Mr. Rivera has not met his burden of demonstrating the existence of a genuine issue of material fact, the court concludes that summary judgment for the defendant should be granted.
 
 I.
 
 4
 The court must resolve the motion for counsel before addressing the dispositive motion. Gaines v. Lane, 790 F.2d 1299, 1303 n. 11 (7th Cir.1986); Brown-Bey v. United States, 720 F.2d 467, 471 (7th Cir.1983).
 
 
 5
 No constitutional right to counsel exists in a civil case. Caruth v. Pinkney, 683 F.2d 1044 (7th Cir.1982), cert. denied, 459 U.S. 1214 (1983). Under 28 U.S.C. § 1915(d), a court may request an attorney to represent an indigent litigant. Mallard v. U.S. District Court, 490 U.S. 296 (1989). In this circuit, "appointment" of counsel rests in the sound discretion of the district courts, Hossman v. Blunk, 784 F.2d 793, 797 (7th Cir.1986), "unless denial would result in fundamental unfairness impinging on due process rights." LaClair v. United States, 374 F.2d 486, 489 (7th Cir.1967); accord McNeil v. Lowney, 831 F.2d 1368 (7th Cir.1987), cert. denied, 485 U.S. 965 (1988). Courts do not intervene on plaintiff's behalf "as of course; they recruit lawyers for the parties only when the cases are colorable, the facts may be difficult to assemble, and the law is complex." DiAngelo v. Illinois Dept. of Public Aid, 897 F.2d 1260, 1262 (7th Cir.1989). The Seventh Circuit Court of Appeals has articulated specific factors that district courts should consider in deciding whether to appoint counsel. McKeever v. Israel, 689 F.2d 1315 (7th Cir.1982); Maclin v. Freake, 650 F.2d 885 (7th Cir.1981); Chapman v. Kleindienst, 507 F.2d 1246, 1250 n. 6 (7th Cir.1974). The district court should consider:
 
 
 6
 (1) the merits of the indigent litigant's claim (whether there is a colorable claim);
 
 
 7
 (2) the nature of the factual issues raised in the claim, and whether the indigent litigant is in a position to investigate crucial facts;
 
 
 8
 (3) the need for legal counsel for cross-examination, particularly when a question of credibility exists;
 
 
 9
 (4) the indigent litigant's capability to present his own case; and
 
 
 10
 (5) the complexity of the legal issues.
 
 
 11
 Maclin v. Freake, 650 F.2d at 887-889. Of these factors, the court first should consider whether the claim is of sufficient merit. McNeil v. Lowney, 831 F.2d 1368 (7th Cir.1987); Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir.1983).
 
 
 12
 Although the court appointed counsel at an earlier stage of the litigation, the merits of the plaintiff's complaint, insofar as can be determined from the record now before the court, do not warrant appointment of counsel because, as this memorandum will explain, no factual basis exists for Mr. Rivera's claim of deliberate indifference on Dr. Sardon's part.
 
 
 13
 Accordingly, his motion for appointment of counsel should be, and hereby is, denied.
 
 II.
 
 14
 Mr. Rivera, proceeding pro se, sued Dr. Sardon in his personal capacity only, for allegedly inflicting cruel and unusual punishment when he operated on Mr. Rivera's back on February 14, 1990. Mr. Rivera seeks compensatory and punitive damages.
 
 A.
 
 15
 A party seeking summary judgment must demonstrate that no genuine issue of fact exists for trial and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Certain Underwriters of Lloyd's v. General Accident Ins. Co. of America, 909 F.2d 228, 231 (7th Cir.1990). If that showing is made and the motion's opponent would bear the burden at trial on the matter that forms the basis of the motion, the opponent must come forth with evidence to show what facts are in actual dispute. Lujan v. National Wildlife Federation, 110 S.Ct. 3177, 3186 (1990); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Sims v. Mulcahy, 902 F.2d 524, 540 (7th Cir.), cert. denied, 111 S.Ct. 249 (1990). If he fails to do so, summary judgment is proper. Fitzpatrick v. Catholic Bishop of Chicago, 916 F.2d 1254, 1256 (7th Cir.1990); Tatalovich v. City of Superior, 904 F.2d 1135, 1142 (7th Cir.1990). A genuine factual issue exists only when there is sufficient evidence for a jury to return a verdict for the motion's opponent. Harbor House Condominium Ass'n v. Massachusetts Bay Ins. Co., 915 F.2d 316, 320 (7th Cir.1990); Hines v. British Steel Corp., 907 F.2d 726, 728 (7th Cir.1990). Summary judgment should be granted if no reasonable jury could return a verdict for the motion's opponent. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Visser v. Packer Engineering Associates, Inc., 924 F.2d 655, 660 (7th Cir.1991).
 
 
 16
 The parties cannot rest on mere allegations in the pleadings, Hughes v. Joliet Correctional Center, 931 F.2d 425, 428 (7th Cir.1991); McCarthy v. Kemper Life Ins. Companies, 924 F.2d 683, 687 (7th Cir.1991), or upon conclusory allegations in affidavits. Mestayer v. Wisconsin Physicians Service Ins. Corp., 905 F.2d 1077, 1079 (7th Cir.1990). The court must construe the facts as favorably to the non-moving party as the record will permit, Brennan v. Daley, 929 F.2d 346, 348 (7th Cir.1991); Soldal v. County of Cook, 923 F.2d 1241, 1245 (7th Cir.1991), and draw any permissible inferences from the materials before it in favor of the non-moving party, Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986); Illinois Bell Telephone Co. v. Hanes and Co., Inc., 905 F.2d 1081, 1087 (7th Cir.1990), as long as the inferences are reasonable. Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir.1991). The non-moving party must show that the disputed fact is material, or outcome-determinative, under applicable law. Johnson v. Pelker, 891 F.2d 136, 138 (7th Cir.1989).
 
 B.
 
 17
 Dr. Sardon supports his summary judgment motion with his affidavit, Mr. Rivera's medical records, and copies of Mr. Rivera's answers to interrogatories. In his affidavit, Dr. Sardon states that he is board eligible in general surgery and treats inmates at the Indiana State Prison when referred to him by staff physicians. On February 14, 1990, he saw Mr. Rivera for pain caused by a bullet fragment lodged in the lower left paravertebral area of his back. There was a visible and palpable lump which Mr. Rivera pointed out to Dr. Sardon. Dr. Sardon also examined an X-ray previously taken of Mr. Rivera's back, which verified that a foreign body was present in the area indicated by Mr. Rivera.
 
 
 18
 Dr. Sardon relates the events of the surgery on April 4, 1990:
 
 
 19
 After the palpable lump area was identified by both the plaintiff and Dr. Sardon, proper infiltration with 2% Xylocaine plain, a local anesthesia, was then administered at the palpable lump area.... Dr. Sardon then made a skin incision measuring about 2 X 5 centimeters and was deepened down to the subcutaneous tissue.... Dr. Sardon could not identify the foreign body by palpation with his finger and a search for the foreign body was done.... During this surgical procedure Dr. Sardon asked the plaintiff if he felt any pain and he stated that he did not feel any pain but that he was aware of what Dr. Sardon was doing.... The plaintiff then stated that he did not want any further dissection and wanted the procedure performed under general anesthesia.... The plaintiff did not cry, plead or beg Dr. Sardon to stop the surgical procedure.... Dr. Sardon terminated the surgical procedure because of the plaintiff's statements that he was aware of what Dr. Sardon was doing and that he wanted the procedure performed while he was under general anesthesia, not because the plaintiff complained of being in pain....
 
 
 20
 Due to the fact that arrangements had not been made for the procedure to be performed under general anesthesia and the C-arm fluoroscope was inoperable at that time, the surgical procedure would have to be performed at a later date.... Dr. Sardon explained to the plaintiff that he would remove the foreign body under general anesthesia when the C-arm fluoroscope was operating properly.... Dr. Sardon then closed the incision with subcuticular stitch of 4-0 Vicryl, steristrips were applied to cooptate the skin edges and a dressing was placed on the incision.... Following this surgical procedure, Dr. Sardon prescribed Darvocets....
 
 
 21
 An x-ray was not taken prior to the surgical procedure on April 4, 1990, for the following reasons: an x-ray showing the location of the foreign body had been obtained prior to Dr. Sardon examining the plaintiff on February 14, 1990; a visible and palpable lump was evident on the plaintiff's lower left back; and the plaintiff pointed to the area where he was experiencing pain.... Dr. Sardon performed the surgical procedure on April 4, 1990, under local anesthesia rather than under general anesthesia because only a local anesthesia was necessary to perform the surgical procedure and because it minimizes the possibility of complications to the plaintiff....
 
 
 22
 Defendant's Memorandum in Support of Motion for Summary Judgment, pp. 5-7.
 
 
 23
 As previously noted, Mr. Rivera did not respond to the defendant's motion to dismiss or to the motion for summary judgment.
 
 
 24
 The Eighth Amendment prohibits punishments or conditions of confinement that: (1) involve unnecessary and wanton infliction of pain; (2) are grossly disproportionate to the severity for the crime of conviction; or (3) totally lack penological justification. Caldwell v. Miller, 790 F.2d 589, 600 (7th Cir.1986). Mr. Rivera must demonstrate deliberate indifference to establish a constitutional violation. Estelle v. Gamble, 429 U.S. 97 (1976). Negligence alone, or simple medical malpractice, is insufficient to state a claim for relief. Kelley v. McGinnis, 899 F.2d 612, 617 (7th Cir.1990) (quoting Estelle, 429 U.S. at 106). Dr. Sardon's affidavit offers unrefuted evidence that he provided adequate medical treatment. Mr. Rivera objected to the operation being performed under local anesthesia, and Dr. Sardon rescheduled the surgery to be under general anesthesia. The facts do not even support a claim of negligence or simple medical malpractice.
 
 
 25
 The defendant's submission in support of his summary judgment motion satisfies his burden under Rule 56. Mr. Rivera has failed to satisfy his burden of coming forth with evidence sufficient to withstand a motion for directed verdict, as required of one opposing a summary judgment motion. Accordingly, the record before the court shows no genuine issue of material fact and the defendant is entitled to judgment as a matter of law.
 
 III.
 
 26
 For the foregoing reasons, the court now DENIES the plaintiff's motion for appointment of counsel, DENIES AS MOOT the defendant's motion to dismiss, and GRANTS the defendant's summary judgment motion.
 
 
 27
 SO ORDERED.
 
 ENTERED: August 15, 1991
 
 28
 /s/ Robert L. Miller, Jr., Judge
 
 
 29
 /s/ United States District Court
 
 
 30
 cc: Rivera
 
 Kalamaros
 Order Book
 
 31
 United States District Court CCNORTHERN DISTRICT OF INDIANA
 
 JUDGMENT IN A CIVIL CASE
 FORTUNATO H. RIVERA
 
 32
 v.
 
 DR. SARDON
 CASE NUMBER S90-313
 
 33
 [ ]Jury Verdict. This action before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.
 
 IT IS ORDERED AND ADJUDGED
 
 34
 that plaintiff's motion for apponintment of counsel is denied; defendnat's motion to dismiss is denied, and defendant's motion for summary judgment is granted.
 
 
 35
 This document entered pursuant to Rules 79(A) and 58 of the Federal Rules of Civil Procedure on:
 
 August 16, 1991
 Date
 
 36
 /s/RICHARD E. TIMMONS
 
 Clerk
 
 37
 /s/Caryl Fewer
 
 
 38
 /s/(By) Deputy Clerk
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record