Bernadette HILL, Plaintiff,

v.

HALL CHEVROLET, INC., Defendant.

No. 91–C–1013.

United States District Court,
E.D. Wisconsin.

April 9, 1993.

Bernadette Hill, pro se.

James R. Scott, Lindner & Marsack, S.C., Milwaukee, WI, for defendant.

## ORDER

RANDA, District Judge.

This matter comes before the Court on plaintiff's request for appointment of counsel. For the following reasons, plaintiff's request is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, Bernadette Hill ("Hill"), a black female, sought employment from the defendant, Hall Chevrolet, Inc. ("Hall"), as a car salesperson. Hill filled out an employment application on June 25, 1990. She was hired as a "sales trainee" on July 2, 1990, and told to report to work the next day. On July 3, 1990, Hill reported to work as directed, but was terminated four (4) hours later. An employee exit form filled out by Hall at the time stated that the reason for termination was that Hall had "over hired—we hired experienced salespeople & did not have a position left." Hill confirms that she was told at the time that Hall had overhired, but claims that immediately following her termination Hall continued to tell white males that sales positions were available.

Hill commenced this action on September 18, 1991. She was initially represented by counsel, who apparently undertook the representation on a contingency fee basis. On January 28, 1993, her counsel filed a motion

to withdraw, alleging that Hill failed to communicate and cooperate with counsel, had expressed her dissatisfaction with counsel, and had not reimbursed counsel for certain out-of-pocket expenses. On February 1, 1993, before the Court addressed the motion to withdraw, Hall filed a motion for summary judgment. That motion asserted that Hall had a non-discriminatory reason for firing Hill. Hall's explanation runs as follows: Hall was initially interested in hiring experienced salespeople, but was unable to find any. In such situations, Hall typically hires people with no sales experience in sales as "sales trainees", hoping to train them effectively. This is what Hall did with Hill. However, on the day Hill showed up for work, Hall learned that four experienced salespeople from a competing dealership were prepared to accept jobs with Hall. Because experienced salespeople are always more preferable and more successful as new hires than inexperienced salespeople, Hall made the decision to fire Hill that day and save the costs of training her. However, after Hall fired Hill, the four individuals from the competing dealership changed their minds, and thus Hall continued seeking new hires.

After the summary judgment motion was filed, the Court granted counsel's motion to withdraw, gave Hill 30 days to find new counsel and 60 days to respond to- the summary judgment motion. On March 4, 1993, Hill asked for additional time to find counsel, and the Court granted her until April 12, 1993 to find counsel and until May 12, 1993 to respond to the summary judgment motion. Hill then filed the current request for appointment of counsel on April 6, 1993.

## LEGAL ANALYSIS

 "We begin with the fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court." *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir.1992). Unlike criminal cases, the Court cannot require an unwilling attorney to assist a plaintiff in prosecution of a civil rights claim. *Colbert v. Rickmon*, 747 F.Supp. 518, 519–20 (W.D.Ark.1990). "The district court, however, may in its discretion *request* counsel to represent indigent civil litigants in certain circumstances under 28 U.S.C. s. 1915(d)." *Id.* Until recently, the Seventh Circuit directed district courts to consider several factors when ruling upon an indigent plaintiff's request for appointment of counsel:

> The district court's initial inquiry should be whether the claim is of sufficient merit. "Even [if] the claim is not frivolous, it does not follow that the indigent litigant has the right to the appointment of counsel if his chances of success are extremely thin." Next, the court should consider: (1) the party's ability to investigate adequately crucial facts relating to the claims; (2) whether the evidence presented to the factfinder is conflicting testimony, thus requiring the skills of counsel to insure that the truth will come out; (3) whether the indigent litigant has the capacity to present the case; and (4) the complexity of the legal issues.

*McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir.1987), *cert. denied*, 485 U.S. 965, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1988).

Recently, however, the Seventh Circuit stated that it has "become more wary about multifactor tests" and believes that the several factors listed above "collapse upon inspection." *Farmer v. Richard Haas, et. al.*, 990 F.2d 319, 321 (7th Cir.1993). Rather than apply the "multifactorial approach", the Seventh Circuit cited with approval a "simpler formulation" developed by the Ninth Circuit, where courts "confine[ ] the exercise of the requesting power to cases presenting 'exceptional circumstances' as determined by 'an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' " *Id.*, at 322, quoting *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991). The Court further stated that the matter is left to the district judge's discretion, and will be overruled on appeal "only in that extreme case in which it should have been plain beyond doubt before the trial began that the difficulty of the issues relative to the capabilities of the litigant would make it impossible

for him to obtain any sort of justice without the aid of a lawyer...." *Id.* at 323.

## I. CHANCES OF SUCCESS

■ The Court begins with Hill's chances of success on the merits. We first note that Hill has contacted a long list of attorneys and law firms to represent her in this matter, but none of these attorneys were willing to pursue the case at all, or at least without payment of a substantial retainer. While a "petitioner's suit is not per se meritless because he was not successful in an effort to retain counsel", a district court is nonetheless "justified in subjecting an indigent's claim to heightened scrutiny if the petitioner was unsuccessful in obtaining counsel." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir.1992). Although Hill had counsel at one time, that counsel has since withdrawn from the representation and no other attorney has been willing to take the case. This history, while not determinative, certainly creates an initial impression that Hill's case lacks substantial merit.

■ The Court also notes that, in a Title VII disparate treatment case such as this, Hill bears the burden of proving that she "was treated less favorably than similarly situated employees and defendant's intent was discriminatory." *Morgan v. Harris Trust and Savings Bank of Chicago*, 867 F.2d 1023, 1027 (7th Cir.1989). The analytical framework is as follows: Hill initially "has the burden of proving by the preponderance of the evidence a prima facie case of discrimination." *Williams v. Williams Electronics, Inc.*, 856 F.2d 920, 922 (7th Cir.1988). She can do this by proving four elements: (1) plaintiff was a member of a protected class; (2) she was satisfactorily performing the duties of the job; (3) she was discharged; and (4) the employer sought a replacement. *Jones v. Jones Bros. Construction Corp.*, 879 F.2d 295, 299 (7th Cir.1989). "Once a prima facie case has been demonstrated to the satisfaction of the court, 'the burden shifts to the [employer] to articulate some legitimate nondiscriminatory reason' for its action." *Williams*, 856 F.2d at 923. "This burden is only one of production, as the 'ultimate burden of persuading the trier of fact that the [employer] intentionally discriminated against the [employee] remains at all times with the [employee].'" *Id.* "If the employer carries its burden of production, the employee has 'an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the [employer] were not its true reasons, but were a pretext for discrimination.'" *Id.*

Hill will be able to establish her prima facie case, but Hall's summary judgment motion articulates a legitimate nondiscriminatory reason for Hill's termination, meeting Hall's burden of production. This means Hill will have to prove the proffered reason a pretext, which requires her to prove that race or gender "was a determining factor, in the sense that [she] would not have been [terminated] *but for* [Hall's] motive to discriminate against [her] because of [race or gender]." *Id.* Without prejudging the case, the Court notes that the current factual record does not appear to support such an inference. It defies reason to suggest that an employer would hire a black female one day regardless of her race or gender, and then fire her the next day *because* of her race or gender. Importantly, there is no evidence that Hall was unaware of Hill's race or gender at the time it hired her. Furthermore, the current record shows that Hall employed one female and four black sales persons at the time it fired Hill, and has since hired another female and three more black sales persons. Indeed, the record shows that Hall offered to rehire Hill for the same position roughly one month after she was fired, but by then Hill had already filed her administrative complaint and refused to speak to Hall about the offer. Based on this preliminary review of the facts, it appears Hill would have a difficult case even with a lawyer.

## II. ABILITY TO REPRESENT HERSELF

The only complex legal issue that presents itself at this point is whether the Civil Rights Act of 1991 would apply retroactively for purposes of damages and the requested jury trial. But this case involves pre-Act conduct

and a pre-Act filing[1], and the Seventh Circuit has clearly held that "the new act is applicable only to conduct engaged in after the effective dates ... in the act, at least if the suit had been brought before the effective date." *Luddington v. Indiana Bell Telephone Company*, 966 F.2d 225, 229–30 (7th Cir.1992). This Court followed that precedent in its unpublished decision in *Housey v. Ed Witt's Venus Ford*, Case No. 92–C–605, 1993 WL 144683 (Feb. 22, 1993), a case which involved pre-Act conduct and a post-Act filing. Therefore, the issue has already been decided for this case, *i.e.*, Hill is not entitled to compensatory or punitive damages and is not entitled to a jury trial.

That leaves the "pretext" issue as the main focus of the lawsuit, and that issue is wholly factual. Given that the case will be tried to the Court, if at all, this Court is certainly capable of protecting Hill's interests in a full and rigorous examination of Hall's evidence, either at trial or on summary judgment.

### III. ESTOPPEL

 Even before the Seventh Circuit collapsed the prior five-factor test into a simpler two-step analysis, as outlined earlier in this opinion, the Court recognized that "no court—including our own—has treated those listed factors as an exhaustive compilation of all the inquiries relevant to s. 1915(d) motions." *Jackson*, 953 F.2d at 1072. "In some other case other elements will no doubt be found significant—even perhaps, controlling." *Id.* Here, the Court notes that Hill had a lawyer at one point who was willing to represent her on a contingency fee basis but then, in essence, she fired her. The record shows that Hill refused to cooperate with her prior counsel, refused to return counsel's phone calls and respond to counsel's letters, and basically told counsel she wanted a new lawyer. Now that she cannot find a new lawyer, Hill asks the Court to intervene. This Court believes that, on these facts, a form of estoppel against the appointment of counsel is appropriate, especially given that the only evidence of record indicates that Hill acted

irresponsibly and unreasonably towards her prior counsel. Certainly nothing in the record indicates that counsel's representation was inadequate in any way. Having lost one lawyer due to what appears to be her own intransigence, it is not clear that Hill's case merits the "exceptional" remedy of free legal counsel.

**NOW THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for appointment of counsel is denied; and

2. The briefing schedule contained in the Court's Order dated March 11, 1993, remains in effect.

**SO ORDERED.**

---

1. Hill filed her lawsuit on September 18, 1991. The Act did not go into effect until November 21, 1991.