110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darryl Scott PARISEAU, Plaintiff-Appellant,
v.
Reginald WILKINSON, Defendant-Appellee.
 No. 96-3459.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: WELLFORD, RYAN, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Darryl Scott Pariseau, an Ohio state prisoner, appeals pro se a district court judgment in favor of the defendant in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive, and monetary relief, Pariseau filed this action against the Director of the Ohio Department of Rehabilitation and Correction in his official capacity. Pariseau complained that male prisoners in Ohio were subject to gender discrimination because they were required to have their heads shaved upon entry into the system and to keep their hair short throughout thier incarceration, while female prisoners were not. Pariseau also alleged a violation of the First Amendment because prisoners were asked to fill out a form indicating their religious preference. The defendant filed a motion to dismiss, which was denied. A magistrate judge then held an evidentiary hearing, following which it was recommended that judgment be entered for the defendant. The district court adopted this recommendation over Pariseau's objections. On appeal, Pariseau argues that he was denied discovery and surprised by evidence submitted at the hearing, that he should have been appointed counsel, and that he should have been granted a default judgment.
 
 
 3
 Upon review, we conclude that the judgment for the defendant was proper for the reasons stated by the magistrate judge and adopted by the district court. Pariseau's gender discrimination claim was properly rejected because the defendant demonstrated that the hair grooming policy was substantially related to the important objectives of security and identification, which were more vital in handling male prisoners. See Mississippi Univ. for Women v. Hogan, 458 U.S. 718, 724 (1982). Pariseau's First Amendment claim was also properly rejected because he testified that he was not required to complete the form or disciplined for his failure to complete it. As he could show no injury, Pariseau had no standing to raise this claim. See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 485 (1982).
 
 
 4
 The arguments raised on appeal lack merit. Pariseau was not surprised by the evidence presented at the hearing regarding the justification for the hair grooming policy, as these reasons had been set forth in the defendant's motion to dismiss. The district court did not abuse its discretion in denying Pariseau's motion for the appointment of counsel. See McNeil v. Lowney, 831 F.2d 1368, 1371 (7th Cir.1987), cert. denied, 485 U.S. 965 (1988). Review of the record shows that Pariseau was able to adequately present his case pro se. Finally, the district court did not abuse its discretion in denying Pariseau's motion for default, because he was not prejudiced by the delay in filing the answer. See Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir.1992).
 
 
 5
 We AFFIRM for the reasons set forth in the magistrate judge's report and recommendation and the district court's decision.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(c), Rules of the Sixth Circuit.