**Hector GONZALEZ, Plaintiff,**

v.

**Michael FENNER, et al., Defendants.**

**No. 88 Civ. 5756 (JES).**

United States District Court,
S.D. New York.

Dec. 20, 1989.

Hector Gonzalez, Ossinning, N.Y., pro se.

Angelo & Fitzgerald, Bronxville, N.Y., for defendants; Edmund G. Fitzgerald, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

The plaintiff, Hector Gonzalez, proceeding *pro se* and in forma pauperis, has filed this civil rights action pursuant to 42 U.S.C. § 1983 (1982) claiming that his constitutional rights were violated during his arrest. Mr. Gonzalez has moved for a Court order directing the United States Marshal to serve a subpoena duces tecum on a non-party witness and, because the plaintiff is indigent, waiving the required witness fees.[1]

On July 19, 1989, Mr. Gonzalez caused a subpoena to be issued and served upon the management assistant of St. Joseph's Medical Center, which is apparently the hospital at which plaintiff received treatment after his arrest. The subpoena commanded the witness to appear for a deposition and to bring "[r]ecords of any individuals requir-

---

1. Under Fed.R.Civ.P. 45(c), a subpoena must be accompanied by one day attendance and mileage fee.

ing medical treatment after being arrested by" the defendant police officers. The medical center did not comply with the subpoena relying upon the following grounds:

1. The subpoena did not satisfy the requirements of Fed.R.Civ.P. 45 because it was not issued by the clerk of the court;

2. Compliance would be unduly burdensome because the records are not kept in such a manner which would identify whether or not a patient was arrested prior to receiving medical treatment. Therefore, compliance would require the examination of every patient's medical records;

3. The subpoena was overbroad in that it was unlimited in time [2]; and

4. The records were confidential and could only be disclosed upon written authorization of the patient or court order.

*See* Letter from Nixon, Hargrave, Devane & Doyle to Clerk of the Court (Aug. 10, 1989).

Plaintiff moved on July 24, 1989 for an order enforcing the subpoena and requesting waiver of the applicable witness fees. Later, Mr. Gonzalez reiterated his request stating "I could be wrong, but I have [a] feeling some truth is going to come out of this."[3] *See* Letter from Plaintiff to the Court (Received Aug. 7, 1989). Plaintiff asserts his belief that the records would disclose a pattern of abuse by the arresting officers, but does not set forth any basis for this belief. However, because the Court concludes it has no authority to compel compliance of a third party subpoena without the payment of the requisite fees, plaintiff's motion must be denied.

## DISCUSSION

■ The starting point for the Court's analysis is the plain language of the statute governing proceedings in forma pauperis, 28 U.S.C. § 1915 (1982), and the construction that the courts have placed on that language. That statute provides in relevant part:

(a) [a]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, ... *without prepayment of fees and costs or security therefor,* by a person who makes affidavit that he is unable to pay such costs or give security therefor ...

(c) [t]he officers of the court shall issue and serve all process, and perform all duties in such cases. *Witnesses shall attend as in other cases,* and the same remedies shall be available as are provided for by law in other cases.

*See* 28 U.S.C. § 1915 (1982) (emphasis added).

The language "fees and costs" has been construed to refer to payments which a litigant must make *to the court* in order to file and prosecute the action, not the payment of witness fees to third party witnesses. *See Willingham v. Ford Motor Co.,* 201 U.S.P.Q. (BNA) 104, 107 (E.D.Mich. 1977); *see also Tedder v. Odel,* 890 F.2d 210 (9th Cir.1989) (per curiam); *McNeil v. Lowney,* 831 F.2d 1368, 1373 (7th Cir.1987), *cert. denied,* 485 U.S. 965, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1988); *United States Marshals Service v. Means,* 741 F.2d 1053, 1056 (8th Cir.1984) (en banc) ("We cannot, in the absence of any clear statement to the contrary, infer congressional intent to have section 1915 cover witness fees and expenses."), *cert. denied,* —— U.S. ——, 109 S.Ct. 3227, 106 L.Ed.2d 575 (1989); *Johnson v. Hubbard,* 698 F.2d 286, 289–90 (6th Cir.), *cert. denied,* 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983); *Barcelo v. Brown,* 655 F.2d 458, 462 (1st Cir.1981) (statute waives prepayment of "the court's own costs"); *Newson v. Harrison,* 687 F.Supp. 360, 361 (W.D.Tenn.1988) (section 1915 authorizes the court to waive certain court fees); *Cf. Miller v. United States,* 317 U.S. 192, 197, 63 S.Ct. 187, 190, 87 L.Ed. 179 (1942) (predecessor statute applied to court costs). Furthermore, the statute provides that "[w]itnesses shall at-

---

**2.** It appears that after the original service of the subpoena plaintiff limited the request to persons receiving medical treatment at the hospital within the last five years. *See* Letter from Plaintiff to the Court (Received Sept. 11, 1989).

**3.** The plaintiff has also stated that "more than likely these police officers might have made [a] habit of this." *See* Letter of Plaintiff to the Court (Received June 26, 1989).

tend as in other cases," *see* 28 U.S.C. § 1915(c) (1982), which lends additional support to the view that Congress did not intend section 1915 to permit the waiver of witness fees.

In addition, section 1915 does not expressly authorize the payment of witness fees out of government funds and there is support for the view that no such authority should be implied. *See, e.g., Means, supra,* 741 F.2d at 1056; *Johnson, supra,* 698 F.2d at 289–90; *Toliver v. Community Action Comm'n, Inc.,* 613 F.Supp. 1070, 1072 (S.D.N.Y.1985), *aff'd. without opinion,* 800 F.2d 1128 (2d Cir.), *cert. denied,* 479 U.S. 863, 107 S.Ct. 217, 93 L.Ed.2d 146 (1986). Moreover, the Court has ascertained that no fund is presently in existence to pay such fees.

 The Court having concluded that witness fees may neither be waived nor paid out of government funds, the only issue remaining is whether they may properly be postponed or deferred, which some courts have permitted. *See Brown v. DeFilippis,* 125 F.R.D. 83, 85 (S.D.N.Y.1989); *see also Flowers v. Turbine Support Division,* 507 F.2d 1242, 1245 (5th Cir.1975). This Court, however, does not believe that the plain language of section 1915 permits the postponement of witness fees which Rule 45(c) clearly requires to be prepaid. *See Willingham, supra,* 201 U.S.P.Q. (BNA) at 107.

Moreover, serious constitutional problems would be raised were the Court to construe section 1915 to require a non-party to bear the cost of initial compliance with a subpoena where, as here, a subsequent claim for costs may well prove worthless because there may be no assets to satisfy a subsequent claim for costs. While the Supreme Court has held that the limits of an unconstitutional taking require a careful and necessarily imprecise balancing process, *see Penn Central Transp. Co. v. New York City,* 438 U.S. 104, 123–24, 98 S.Ct. 2646, 2658–59, 57 L.Ed.2d 631 (1978), it is clear that a taking occurs where an individual member of society is forced to bear an unreasonable and disproportionate share of what properly should be funded by the community at large through appropriate taxation. It follows that although Congress may properly authorize the payments of witness fees out of public funds by appropriate legislation, there is a serious question as to whether the cost of such fees may be constitutionally placed upon non-party witnesses.

In any event, even had the court concluded that witness fees could be waived or postponed, it would refuse to do so here as a matter of discretion. The plaintiff here seeks access to the confidential medical records of an indeterminate number of strangers to this litigation based upon his unsubstantiated "feeling" that those documents may prove relevant. This is not sufficient to justify the burdens placed upon the third party that compliance with the subpoena would necessarily require, especially in view of the confidential nature of some of the information sought. *See Johnson, supra,* 698 F.2d at 294 (Swygert, J., dissenting); *Ebenhart v. Power,* 309 F.Supp. 660, 661 (S.D.N.Y.1969). Accordingly, plaintiff's motion is denied.

It is SO ORDERED.