Jose A. FERNANDEZ, Plaintiff,

v.

KASH N' KARRY FOOD STORES, INC., Defendant.

No. 90–492–CIV–T–10C.

United States District Court, M.D. Florida, Tampa Division.

April 30, 1991.

Jose A. Fernandez, pro se.

William Edwin Litton, II, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Paul Andrew Saad, Tampa, Fla., for defendant.

## ORDER

ELIZABETH A. JENKINS, United States Magistrate Judge.

THIS CAUSE comes on for consideration of the following motions:

1. Defendant's Motion for Protective Order or Alternatively Motion for Direction of Procedure by the Court (Dkt. 23), filed April 16, 1991;

2. Plaintiff's Request for Order Directing Service of Subpeona's [sic] (Edward Litton) (Dkt.27), filed April 2, 1991;

3. Plaintiff's Request for Order Directing Service of Subpeona's [sic] (Randy Pendland) (Dkt.28), filed April 2, 1991.

Plaintiff filed two requests for orders directing the service of deposition subpoenas on two of defendant's employees, Edward Litton and Randy Pendland. Pursuant to plaintiff's Special Notices of Deposition Upon Oral Examination (attached as exhibits to the requests for issuance of subpoenas), the depositions are scheduled for thirty days from service of the notices, or approximately May 1, 1991, at Marion Correctional Institution where plaintiff is incarcerated. Plaintiff's requests ask that the subpoenas be served by the United States Marshal without the payment of mileage and witness fees because of his forma pauperis status.

Defendant filed a motion for protective order or, alternatively, for order of procedure, which complains that plaintiff's requests for issuance of subpoenas do not provide for the payment of witness fees and mileage and would require the witnesses to travel more than 100 miles from their places of residence to Marion Correctional Institution north of Ocala, Florida for their depositions. Defendant notes that plaintiff has already served depositions upon written questions on Mssrs. Litton and Pendland.

Although plaintiff has been granted permission to proceed in forma pauperis in this action, this status does not entitle him to disregard the provisions of Rule 45(c) and (d)(2), Fed.R.Civ.P. regarding the prepayment of witness and mileage fees and the 100-mile territorial reach of subpoenas for deposition. Section 1915(c), Title 28, United States Code, governing litigants permitted to proceed in forma pauperis, states as follows:

[t]he officers of the court shall issue and serve all process, and perform all duties in such cases. *Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.*

(emphasis added). Therefore, plaintiff must proceed in accordance with Rule 45, Fed.R.Civ.P. concerning deposition subpoenas.

Although this circuit has apparently not addressed the issue, courts construing § 1915(c) have uniformly held that waiver of the requirement for payment of costs applies only to court costs and that a plaintiff in forma pauperis must pay witness and mileage fees himself. *See Tedder v. Odel,* 890 F.2d 210, 211 (9th Cir.1989); *United States Marshals Service v. Means,* 741 F.2d 1053, 1056 (8th Cir.1984) (en banc); *McNeil v. Lowney,* 831 F.2d 1368, 1373 (7th Cir.1987), *cert. denied,* 485 U.S. 965, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1988); *Gonzalez v. Fenner,* 128 F.R.D. 606, 607 (S.D.N.Y.1989); *and Hodge v. Prince,* 730 F.Supp. 747, 751 (N.D.Tex.1990), *aff'd without op.,* 923 F.2d 853 (5th Cir.1991).

Accordingly, the undersigned concludes that plaintiff's requests for the issuance of subpoenas for deposition should be denied. Defendant's motion for protective order regarding the depositions of Mssrs. Pendland and Litton should, therefore, be denied as moot.

Concerning defendant's motion for order of procedure, the parties are referred generally to the requirements of the Federal Rules of Civil Procedure regarding dis-

covery. In addition, the parties may wish to consider a discovery stipulation pursuant to Rule 29, Fed.R.Civ.P.

It is, therefore,

ORDERED:

(1) that Plaintiff's Request for Order Directing Service of Subpeona's [sic] (Edward Litton) (Dkt.27) is DENIED;

(2) that Plaintiff's Request for Order Directing Service of Subpeona's [sic] (Randy Pendland) (Dkt.28) is DENIED;

(3) that Defendant's Motion for Protective Order or Alternatively Motion for Direction of Procedure by the Court (Dkt.23) is DENIED as moot.

DONE and ORDERED.