**Richard R. CANADY, Plaintiff,**

v.

**R.L. KREIDER, Defendant.**

No. 4:CV–94–0195.

United States District Court, M.D. Pennsylvania.

July 13, 1995.

Richard R. Canady, pro se.

Jacqueline E. Jackson–DeGarcia, PA Atty. General's Office, Harrisburg, PA, for defendant.

**ORDER**

McCLURE, District Judge.

***BACKGROUND:***

On February 11, 1994, plaintiff Richard R. Canady, an inmate at the State Correctional Institution at Huntingdon, Pennsylvania, initiated this action with the filing of a complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he is the subject of harassment and abuse as a result of testifying before the United States District Court for the Eastern District of Pennsylvania in an

unrelated action. He seeks damages and injunctive relief in the form of a transfer to the State Correctional Institution at Frackville, Pennsylvania. Plaintiff is proceeding *pro se* and *in forma pauperis.* Plaintiff's claims against defendant Love have been dismissed by the court.

On Monday, July 10, 1995, the court conducted a final pre-trial conference with plaintiff and counsel for defendant. At that time, plaintiff's requests for writs of habeas corpus ad testificandum and subpoenas were discussed. Specifically, defense counsel raised the issue of plaintiff tendering witness fees and travel expenses to any witness for whom plaintiff shall serve a subpoena, pursuant to 28 U.S.C. § 1821(a)(1). Also, plaintiff represented to the court that he understood that service of the subpoenas would be effected by the United States Marshals Service. Plaintiff has requested subpoenas for a large number of witnesses, and the court has dealt with the request by separate order.

### DISCUSSION:

The relevant statutory provision reads:

Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

28 U.S.C. § 1821(a)(1). The section then provides for the payment of a per diem of $40.00, § 1821(b), travel expenses, § 1821(c), and a subsistence allowance for witnesses requiring overnight stays, § 1821(d). The only exceptions to this requirement set forth in the section are aliens subject to deportation and incarcerated witnesses. Sec. 1821(e), (f).

Consistent with § 1821 is Federal Rule of Civil Procedure 45, which provides that:

... Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's

attendance and the mileage allowed by law....

Fed.R. 45(b)(1).

The question, then, is whether the nonpayment of the per diem and travel expenses is waived for persons proceeding *in forma pauperis* by another provision of law. *See* § 1821(a)(1) ("Except as otherwise provided by law, ...").

The statutory provision governing *in forma pauperis* status reads in part:

The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.

28 U.S.C. § 1915(c).

Those courts of appeals which have addressed the issue are unanimous in holding that § 1915(c) does not provide a waiver of the witness fee requirement of § 1821. *See Malik v. Lavalley,* 994 F.2d 90 (2d Cir.1993); *Tedder v. Odel,* 890 F.2d 210 (9th Cir.1989) (per curiam); *McNeil v. Lowney,* 831 F.2d 1368 (7th Cir.1987), *cert. denied,* 485 U.S. 965, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1988); *Cookish v. Cunningham,* 787 F.2d 1 (1st Cir.1986) (per curiam); *United States Marshals Service v. Means,* 741 F.2d 1053 (8th Cir.1984), *cert. denied sub nom. Means v. United States,* 492 U.S. 910, 109 S.Ct. 3227, 106 L.Ed.2d 575 (1989); and *Johnson v. Hubbard,* 698 F.2d 286 (6th Cir.), *cert. denied,* 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983). *See also Dixon v. Ylst,* 990 F.2d 478, 480 (9th Cir.1993) (reaffirming *Tedder* ); *Fernandez v. Kash N' Karry Food Stores, Inc.,* 136 F.R.D. 495 (M.D.Fla.1991), *aff'd,* 966 F.2d 1461 (11th Cir.1992) (table). *But see Coleman v. St. Vincent De Paul Society,* 144 F.R.D. 92 (E.D.Wis.1992) (§ 1915(c) does not provide waiver of fees, but fees should be paid at government expense as part of operational expenses of the courts; relying upon *Hubbard,* 698 F.2d at 291–294 (Swygert, J., dissenting)).

Although it has not addressed this specific issue, the Court of Appeals for the Third Circuit has held that § 1915 does not authorize district courts to provide expert witness

fees for indigent claimants in civil suits. *Boring v. Kozakiewicz,* 833 F.2d 468, 474 (3d Cir.1987), *cert. denied,* 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988). *See also Tabron v. Grace,* 6 F.3d 147, 158–159 (3d Cir.1993) (§ 1915 does not authorize district court to commit federal monies for payment of necessary expenses of civil suit brought by indigent litigant), *cert. denied,* —— U.S. ——, 114 S.Ct. 1306, 127 L.Ed.2d 657 (1994); *Badman v. Stark,* 139 F.R.D. 601 (M.D.Pa.1991) (discovery-related subpoenas).

In contrast to § 1915(c), 28 U.S.C. § 1825 specifically provides that the required fee is paid by the United States Marshal when the United States or its agency is a party, § 1825(a), when the witness is a defense witness in a criminal case, § 1825(a)(1), (2), and in habeas corpus proceedings or proceedings under 28 U.S.C. § 2255 in which the petitioner has been granted *in forma pauperis* status, § 1825(b). Witness fees need not be tendered at the time of service of a subpoena in these instances. Sec. 1825(c).

Unlike § 1825, § 1915 provides no specific waiver of witness fees. In fact, it specifies that "[w]itnesses shall attend as in other cases, . . ." Sec. 1915(d). In other cases, i.e. cases not involving an indigent litigant, witness fees must be proffered.

It might also be argued that plaintiff is entitled to either a waiver of the witness fee requirement in order to protect his right of access to the courts, *Hubbard,* 698 F.2d at 286 n. 1, or under Fed.R.Evid. 614, which authorizes the court to call its own witnesses, *McNeil,* 831 F.2d at 1374 n. 3. It is not clear that the right of access applies to procedures essential to the trial process. *Hubbard,* 698 F.2d at 288–289 and 289 n. 1. Regardless, with respect to either argument, plaintiff would have to show that he had no other way of presenting his case, which he has not done. In fact, it is clear that plaintiff has not only his own testimony but the testimony of several inmate witnesses to substantiate his claims.

■■■ We hold, then, that there is no statutory provision authorizing a federal district court to waive or provide for payment of the witness fees required by § 1821(a), and so a litigant proceeding *in forma pauperis* is required to tender witness fees as provided in § 1821 to effect service of subpoenas under Rule 45(b)(1).

The same reasoning applies to plaintiff's contention that the United States Marshal Service is responsible for service of an indigent litigant's subpoenas. No statutory authority provides for service by the Marshal Service.

Plaintiff refers to an inmate litigation guide entitled "How to Litigate," copies of the relevant provisions of which were provided to the court by defense counsel. *See* Facsimile Transmission of July 12, 1995. While this book does provide as recited by plaintiff, and cites relevant authority for nearly all of the statements made, the book cites no authority for the proposition that the Marshal Service is responsible for service of subpoenas. Moreover, the authority cited in the book is Rule 45, which makes no provision for service of subpoenas by the Marshal Service in the circumstances presented. With all due respect to the authors, the book upon which plaintiff relies simply is in error.

There also was attached to the facsimile transmission a copy of a portion of Rule 17 of the Federal Rules of Criminal Procedure, with paragraph (b) Defendants Unable to Pay underlined. This paragraph provides that in *criminal* cases an indigent defendant may subpoena witnesses necessary for an adequate defense at government expense. Obviously, a rule of criminal procedure has no application to the civil case now before the court. The Federal Rules of Civil Procedure contain no language even remotely comparable to Fed.R.Crim.P. 17(b).

For all of these reasons, we hold that plaintiff is responsible for service of his subpoenas and for payment of the fees and allowances required by § 1821.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff shall be responsible for payment of the fees and allowances required under 28 U.S.C. § 1821 to be tendered to witnesses subpoenaed pursuant to Fed. R.Civ.P. 45.

2. Plaintiff, and not the United States Marshal Service, shall be responsible for service of any subpoenas approved by the court.