79 F.3d 1154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary ST. HILAIRE, Plaintiff-Appellant,
v.
WINHELM, DR., Defendant,
and
Physicians Assistant Holliday; CLPN Baumiller; Roger
Williamson, CRN, Defendants-Appellees.
 No. 95-16051.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary St. Hilaire, an Arizona state prisoner, appeals pro se the district court's grant of summary judgment in favor of members of prison medical staff in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Medical Indifference
 
 
 4
 We review the district court's summary judgment de novo. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). To establish a violation of the Eighth Amendment, St. Hilaire must show that defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin, 974 F.2d at 1059. The indifference to medical needs must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. Estelle, 429 U.S. at 106; McGuckin, 974 F.2d at 1059.
 
 
 5
 St. Hilaire contends that defendants exhibited deliberate indifference to his serious medical needs by failing to respond to his requests for medical treatment for injuries he sustained on three separate occasions. This contention lacks merit.
 
 
 6
 In support of defendants' motion for summary judgment, defendants Holliday and Baumiller, who are employed as nurses at the Arizona State Prison in Florence, submitted affidavits with supporting documentation. In his response to defendants' motion for summary judgment, St. Hilaire submitted several affidavits, responses to interrogatories, and documents regarding prison policies and administration. These documents do not contradict the affidavits submitted by defendants. It is undisputed that defendants failed to respond to St. Hilaire's requests for medical treatment for alleged dislocated bones on three separate occasions. There is no indication in the record, however, that defendants intentionally or purposefully failed to respond to St. Hilaire's requests.
 
 
 7
 The district court properly concluded that these incidents at most show that St. Hilaire's medical requests were not addressed due to inadvertence or negligence, which is insufficient to state a constitutional violation. See Estelle, 429 U.S. at 106. St. Hilaire failed to raise a triable issue of fact regarding a culpable state of mind on the part of defendants sufficient to demonstrate deliberate indifference. See Wilson v. Seiter, 501 U.S. 294, 302 (1991). In addition, although St. Hilaire claimed that he suffered "harm" because the alleged injuries were painful, he stated that he did not submit additional requests for care because the dislocated bones were put back in place by other prisoners. Cf. McGuckin, 974 F.2d at 1062 (noting that prisoner may have shown sufficient "harm" where he repeatedly sought help for chronically painful condition). Accordingly, the district court did not err by granting summary judgment in favor of defendants. See id.
 
 II
 Discovery Request
 
 8
 St. Hilaire contends that the district court erred by denying his motion to order defendants to provide him with a free copy of his deposition transcript, or in the alternative, to allow him to copy the transcript by hand. This contention lacks merit.
 
 
 9
 We review the district court's rulings concerning discovery for an abuse of discretion. Smith v. Hughes Aircraft Co., 22 F.3d 1432, 1441 (9th Cir.1993). There is no statutory requirement for the government to provide a litigant proceeding in forma pauperis with copies of deposition transcripts. See 28 U.S.C. § 1915(d); cf. Tabron v. Grace, 6 F.3d 147, 158-59 (3d Cir.1993) (finding no abuse of discretion because there is no authorization for the court to commit federal money to provide indigent litigants with copies of deposition transcripts).
 
 
 10
 Moreover, the court found that St. Hilaire failed to demonstrate that an entire copy of his deposition transcript was necessary for him to make his case. The court ordered defendants to provide St. Hilaire with those portions of his deposition transcript to which defendants referred in any filing. Accordingly, we cannot conclude that the district court abused its discretion by denying St. Hilaire's request. See Barona Group of Capitan Grande Band of Mission Indians v. American Mgmt. & Amusement, Inc., 840 F.2d 1394, 1399-1400 (9th Cir.1987), cert. denied, 487 U.S. 1247 (1988).[1]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent St. Hilaire appeals from the denial of his motion for reconsideration pursuant to Fed.R.Civ.P. 59(e), we affirm because we find no abuse of discretion. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991)