James L. WRIGHT, Plaintiff,

v.

UNITED STATES of America, Major General Roth, et al., Defendants.

No. 94–95–CIV–T–23(C).

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 13, 1996.

James L. Wright, New Port Richey, FL, pro se.

Roberta M. Bahnsen, Assistant United States Attorney, Tampa, FL, for defendants.

### ORDER

JENKINS, United States Magistrate Judge.

THIS CAUSE comes on for consideration of plaintiff's oral request made at a preliminary pretrial conference held on November 6, 1996 to require defendants to pay the costs of discovery initiated by plaintiff.[1]

Defendants contend that plaintiff should be held responsible for paying any costs for depositions, including but not limited to court reporter fees and costs for transcription. Plaintiff responds that he is proceeding in this case *in forma pauperis* pursuant to 28 U.S.C. § 1915, and, as such, he is not responsible for deposition costs.

Title 28, United States Code, section 1915(a) provides:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

> Additionally, 28 U.S.C. § 1915(c) provides that "the officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases."

Plaintiff filed an application to proceed *in forma pauperis* on January 20, 1994. (Dkt. 2) By order dated February 28, 1994 the district judge granted plaintiff's application and directed the clerk of court to issue summons. Additionally, the U.S. Marshal was directed to effect service of the summons and amended complaint. (Dkt. 5)

Section 1915 does not address the costs of discovery such as those incurred in taking depositions. This court, however, has held that a party proceeding *in forma pauperis* is still responsible for bearing the costs of witness fees and mileage. *See Fernandez v. Kash N' Karry Food Stores, Inc.,* 136 F.R.D.

---

1. The parties have consented to proceed before the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c) and Fed.R.Civ.P. 73.

495, 496 (M.D.Fla.1991), *aff'd*, 966 F.2d 1461 (11th Cir.1992).

Neither the Eleventh Circuit nor the former Fifth Circuit has addressed the issue of whether a party proceeding *in forma pauperis* is responsible for payment of court reporter fees and transcription costs. However, in *Beard v. Stephens*, 372 F.2d 685, 690 (5th Cir.1967), the court addressed the appellants' request that the trial court appoint an officer of the court to aid them in deposition discovery. The court held that "[t]he granting of leave to proceed in forma pauperis does not carry with it any such affirmative assistance from the court in the conduct of this civil case."

Additionally, the majority of the courts that have addressed the issue of payment of court reporter fees and costs of transcription have found that section 1915 does not give the trial court authority to direct the government to pay for such costs. *See McClure v. Salvation Army*, 51 F.R.D. 215, 216 (N.D.Ga. 1971); *St. Hilaire v. Winhelm*, Case No. 95–16051, 1996 WL 119505, *2 (9th Cir. March 12, 1996); *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074, 1075–76 (8th Cir.1980) (per curiam); *Hajotollah Tajeddini v. John C. Gluch*, 942 F.Supp. 772, 782–83 (D.Conn. 1996); *Smith v. Campagna*, Case No. 94C7628, 1996 WL 364770, *1 (N.D.Ill. June 26, 1996); *Reed v. Pearson*, Case No. S85–100, 1989 WL 516266, *1 (N.D.Ind. Aug. 22, 1989), *aff'd*, 976 F.2d 735 (7th Cir.1992); *Doe v. United States*, 112 F.R.D. 183, 185 (S.D.N.Y.1986); *Sturdevant v. Deer*, 69 F.R.D. 17, 19 (E.D.Wis.1975).

At least one court has found that while section 1915 does not provide for payment of discovery costs, a district may, as an exercise of discretion, order an opposing party to pay the costs of a deposition transcript. *See Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196, 114 S.Ct. 1306, 127 L.Ed.2d 657 (1994). The court, however, found that it was not an abuse of discretion for the magistrate judge to decline to do so where the plaintiff failed to demon-

strate the need for having the depositions transcribed.

In light of the foregoing and assuming that plaintiff cannot afford to pay the costs of oral deposition discovery, this court finds that section 1915 does not prescribe that the government must for such costs.[2] Furthermore, at this time, plaintiff has failed to show any need for oral depositions and transcription thereof. There are other avenues by which plaintiff may conduct discovery, including written deposition. As such, if plaintiff feels that he cannot afford to take oral depositions, he may utilize one or more of the other avenues provided for in the Federal Rules of Civil Procedure.

Accordingly, this court finds that plaintiff is responsible for bearing the costs of any deposition discovery that he conducts.

It is ORDERED that:

1) Plaintiff is financially responsible for any deposition discovery that he conducts.

---

**2.** At the hearing, the government argued that plaintiff's financial status has changed since the filing of his affidavit in 1994. It was the govern-

ment's belief that plaintiff could afford to pay for his discovery costs.