Abdel–Jabor MALIK, Plaintiff–Appellant,

v.

Thomas L. LAVALLEY, Corrections Officer, Officer Buckly, Defendants–Appellees.

No. 1221, Docket 92–2796.

United States Court of Appeals, Second Circuit.

Submitted May 5, 1993.

Decided May 21, 1993.

Abdel–Jabor Malik, pro se.

Robert Abrams, Atty. Gen., Peter H. Schiff, Deputy Sol. Gen., Nancy A. Spiegel, Andrea Oser, Asst. Attys. Gen., Albany, NY, on the brief, for appellees.

Before MESKILL, Chief Judge, PIERCE and WALKER, Circuit Judges.

PER CURIAM:

Abdel–Jabor Malik is a *pro se* civil litigant who has been granted *in forma pauperis* status in this litigation. His complaint under 42 U.S.C. § 1983 against two corrections officers for excessive use of force was dismissed after a bench trial and judgment was entered on December 15, 1992. On appeal, Malik's principal argument is that the magistrate judge should have secured the attendance at trial of two witnesses because Malik was unable to do so himself. The court refused to pay the necessary witness fees, even though Malik was proceeding *in forma pauperis*.

We affirm the judgment of the district court and write in order to bring this Circuit in line with the various other circuits that have held that federal courts are not authorized to waive or pay witness fees on behalf of an *in forma pauperis* litigant. *See, e.g., Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir.1989) (per curiam); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir.1987), *cert. denied*, 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988); *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir.1987), *cert. denied*, 485 U.S. 965, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1988); *Cookish v. Cunningham*, 787 F.2d 1, 5 (1st Cir.1986) (per curiam); *United States Marshals Service v. Means*, 741 F.2d 1053, 1056–57 (8th Cir.1984); *Johnson v. Hubbard*, 698 F.2d 286, 289–90 (6th Cir.), *cert. denied*, 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983). We agree with our sister circuits that no reading of 28 U.S.C. § 1915 supports the contention that Congress authorized the federal courts to waive or pay for Malik's witness fees.

The Supreme Court has written in the context of indigent litigants that "the expenditure of public funds is proper only when authorized by Congress." *United States v. MacCollom*, 426 U.S. 317, 321, 96 S.Ct. 2086, 2089, 48 L.Ed.2d 666 (1976). Because Congress has not authorized courts to pay an indigent litigant's witness fees, the district court did not err by refusing to pay Malik's.

We have considered Malik's other contentions and find them to be without merit.