46 F.3d 1142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Johnny LOCKLIN, Plaintiff-Appellant,
v.
Joseph D. SCALZO, individually and as Medical Administrator;
P.A. Jones, Evelyn Nash, individually and as X-Ray
Technician; CMA Lopez, individually and as C.M.A. assigned
to the Cimmaron Unit; Dr. Neuman, individually and as
physician; CPO Barger, individually and as Correctional
Program Officer; Thomas Newman, Dr.; Defendant-Appellees.
 No. 92-16164.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: June 16, 1994.
Decided: Jan. 4, 1995.
As Amended on Grant of Rehearing
March 1, 1995.
 
 Appeal from the United States District Court, for the District of Arizona, D.C. No. CV-88-0828-PHX-CAM; C.A. Muecke, District Judge, Presiding.
 D.Ariz.
 REVERSED AND REMANDED.
 Before: GOODWIN, PREGERSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Johnny Locklin, an Arizona state prisoner, appeals a summary judgment in his 42 U.S.C. Sec. 1983 action. Locklin suffers from severe medical problems which he contends were aggravated by the conduct of various prison officials and medical personnel. He argues that the district court erred (1) in denying his request for counsel pursuant to 28 U.S.C. Sec. 1915(d); (2) in denying his request for an independent doctor or other medical expert; and (3) in granting defendants' motion for summary judgement because of his inability to obtain expert medical testimony.
 
 
 3
 Without dwelling upon the details, the record was sufficient to present triable issues of fact whether prison medical personnel were deliberately indifferent to Locklin's medical problems; and whether this deliberate indifference resulted in disfiguring scars, and unnecessary pain. We therefore reverse.
 
 DISCUSSION
 
 4
 Locklin pro se filed his Sec. 1983 complaint, requesting remedial care and damages for pain and disfiguring injuries. Twice Locklin asked the court to appoint counsel pursuant to 28 U.S.C. Sec. 1915(d). According to his request, he was unable to prosecute his claims pro se (1) because he had been moved to another prison some 100 miles away; (2) because could not find medical experts; (3) because the prison legal facilities were inadequate to research his medical claims; and (4) because he had "limited knowledge" of the law. CR 47, 142.
 
 
 5
 The district court denied these motions, finding that Locklin had not demonstrated "exceptional circumstances." CR 53, 255. Locklin then asked the court to appoint (or pay for) an expert witness or investigator, again emphasizing his problems recruiting medical witnesses. CR 165. The district court denied this request, CR 181, and granted defendants' motion for summary judgment, relying primarily on Locklin's failure to support his complaint with affidavits or depositions of medical experts. It is clear that a competent lawyer could have presented to the trial court a sufficient showing to survive the motion for summary judgment. Without counsel, summary judgment was understandable, but was issued virtually by default.
 
 
 6
 We appointed Locklin counsel for this appeal.
 
 A.
 
 7
 Locklin first argues that the district court should have appointed counsel pursuant to 28 U.S.C. Sec. 1915(d). Courts do not appoint, but "may request an attorney to represent any such person unable to employ counsel." 28 U.S.C. Sec. 1915(d). Although district courts have broad discretion to request counsel, courts must request counsel only in "exceptional circumstances." Terrell, 935 F.2d at 1017; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).
 
 
 8
 Because Locklin now has counsel who has agreed to provide him legal assistance if the cause is remanded, we need not discuss the outer limits of "exceptional circumstances."
 
 B.
 
 9
 Recognizing that Locklin faced substantial difficulties in dealing with the motion for summary judgment, the court nonetheless decided to grant summary judgment because it became apparent that Locklin's case would depend on his ability to present medical evidence supporting his claims; and he had none available to meet the motion. A situation of this kind places the trial judge in a difficult position. Locklin's inability to put his medical claims in coherent language, and his inability to obtain any kind of technical assistance in meeting the summary judgment motion, technically created an unanswered motion. Nonetheless, these procedural defects were not inherent in Locklin's claim, but due to Locklin's status as an incarcerated pro se plaintiff: a skilled personal injury or civil rights lawyer would have responded to the defendants' motion without a stumble.
 
 
 10
 We have previously recognized that pro se prisoners are subject to unique litigation handicaps, and that "it seems appropriate to apply the requirements of the summary judgment rule with less than 'strict literalness"' to them. Jacobsen v. Filler, 790 F.2d 1362, 1364 n. 4. The court should test the complaint and related papers for the existence of a material question of fact, with reasonable tolerance for the prisoner's condition.
 
 
 11
 It is a close question, but even without affidavits of expert witnesses, or cross-examination of defendants' medical experts, Locklin's representations under oath created factual questions that preclude summary judgment. Although neither the trial court nor this court is at this time able to determine whether Locklin's current medical conditions is the result of deliberate indifference, malpractice, or bad luck, he has alleged facts that, if supported by evidence at trial, and not overcome by contrary evidence, would support a jury verdict on at least some of his complaints.
 
 C.
 
 12
 This case is not a case which could be resolved "more easily" with expert testimony, or a case where the court's decision-making process would "be assisted" by experts; it is a case where the pivotal allegations cannot be comprehended without reference to expert testimony. Neither this court nor the district court can even know the historical facts without the help of technical medical testimony.
 
 
 13
 Locklin attempted to find expert medical witnesses by perusing the yellow pages and writing "Dear Sir, will you please come to State prison and examine me" letters to various doctors selected at random from the prison telephone directory. He was unsuccessful. Now that Locklin has counsel, he may have better luck in finding the technical information he needs. Lawyers typically have professional relationships with expert witnesses, and, at least, have access to medical libraries and research facilities which enables them to cross-examine defendants' experts.
 
 
 14
 Locklin, however, has made the more adventuresome argument that the district court should have offered to pay for his expert witnesses. The argument lacks statutory or case authority, and its acceptance would have broad financial consequences. See, e.g., United States v. MacCollom, 426 U.S. 317, 321 (1976) ("the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress...."); Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (finding no statutory authority allowing district courts to waive the payment of witness fees required for Fed. R. Civ. Pro. 45(c) subpoenas); see also Malik v. Lavalley, 994 F.2d 90 (2d Cir. 1993) (same); Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988).
 
 
 15
 We need not rule on this argument today. On remand, Locklin's attorney may well interest one or more experts to come to Locklin's aid. If Locklin's attorney is unable to find medical experts, Locklin may renew his Rule 706 request for an independent expert.
 
 
 16
 REVERSED and REMANDED, each party to bear its own costs. Hanrahan v. Hampton, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980).
 
 
 17
 Before: GOODWIN, PREGERSON and RYMER, Circuit Judges.
 
 ORDER
 March 1, 1995
 
 18
 Appellee's motion for late filing of petition for rehearing is GRANTED. The petition for rehearing received February 9, 1995, is deemed filed as of February 9, 1995.
 
 
 19
 The memorandum filed January 4, 1995 is amended as follows:
 
 
 20
 Delete the final paragraph on page 6, and replace with:
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3