**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 4 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JAMES SCOTT HOOPER,

      Plaintiff-Appellant,

v.

TULSA COUNTY SHERIFF
DEPARTMENT, sued as:  Stanley
Glanz, William "Bill" Thompson,
Brian Edwards, John Doe "A" and
John Doe "B"; TULSA COUNTY
BOARD OF COMMISSIONERS,
OKLAHOMA; STANLEY GLANZ;
LEWIS HARRIS, individually; JOHN
SELPH, individually and in official
capacity; ROBERT N. DICK,
individually and in official capacity;
BILL THOMPSON, sued as William
"Bill" Thompson, individually and in
official capacity; BRIAN EDWARDS,
sued as Lt. Brian Edwards,
individually and in official capacity;
RUSSELL LEWIS, sued as:  Russell
Lewis, individually and in official
capacity; JOHN DOE,

      Defendants-Appellees.

No.  96-5103
(D.C. No. 94-CV-343)
(N.D. Okla.)

---

ORDER AND JUDGMENT[*]

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

James Scott Hooper appeals from the district court's order granting summary judgment to defendants on his civil rights complaint brought pursuant to 42 U.S.C. § 1983, and declining to exercise jurisdiction over his supplemental state law claims. We affirm.

I.

"We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court under Fed. R. Civ. P. 56(c)." Ingels v. Thiokol Corp., 42 F.3d 616, 620 (10th Cir. 1994). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Hooper was incarcerated at the Tulsa City/County Jail (TCCJ) between January 9, 1994 and February 11, 1994. He had a negative skin test for tuberculosis on March 6, 1993, nine months before he entered TCCJ, and a positive test after he left TCCJ. He contends that, due to defendants' deliberate indifference to his health and safety, he became infected with dormant (inactive) tuberculosis during his incarceration at TCCJ.

In order to prove his Eighth Amendment claim, Mr. Hooper must show both (1) that the defendants were liable for an act or omission which resulted in serious harm; and (2) that they showed "deliberate indifference" to his health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Here, summary judgment for defendants is proper, because Mr. Hooper failed to show that he became infected with tuberculosis at TCCJ, and, consequently, that his infection resulted from any act or omission by the defendants.

It is uncontested that the only way to become infected with tuberculosis is to be exposed to the active tubercle bacillus.[1] Mr. Hooper's negative skin test dates from nine months prior to his incarceration, negating his asserted inference that he could only have been exposed at TCCJ. Moreover, the affidavit of

---

[1] Tuberculosis infections come in two stages: dormant (the form for which Mr. Hooper tested positive) and active. Only active tuberculosis is contagious. It is transmitted by tubercle bacilli present in the lungs of actively infected individuals. See DeGidio v. Pung, 920 F.2d 525, 527 (8th Cir. 1990).

defendant Russell Lewis, R.N., former medical administrator of the medical facilities at TCCJ, indicates that no inmate with active tuberculosis was incarcerated at TCCJ during Mr. Hooper's incarceration there. In rebuttal, Mr. Hooper has supplied speculation and rumors about inmates who he thought might have had active tuberculosis. He has presented no evidence, however, that any inmate actually had active tuberculosis.

Perhaps recognizing the weakness of this aspect of his case, Mr. Hooper also argues that even if he was not incarcerated with an inmate with active tuberculosis, dormant tubercle bacilli could have existed in TCCJ's ductwork for some period of time, and thereby infected him. This theory is purely speculative. Moreover, Mr. Hooper fails to provide any evidence that an inmate with active tuberculosis was housed at TCCJ prior to his incarceration so that bacilli could have infested the ductwork in the first place.

A party responding to a motion for summary judgment cannot rest on mere speculation or suspicion, but must bring forward facts which evidence a genuine issue for trial. See Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988). Having failed to show the presence of an inmate with active tuberculosis, it follows that Mr. Hooper also fails to show that defendants, with deliberate indifference, exposed him to the disease. Mr. Hooper's summary judgment

-4-

materials fail to provide evidence sufficient to create a genuine issue of material fact.

## II.

Mr. Hooper also contests a number of the district court's procedural decisions, which he contends prevented him from coming forward with evidence which might have allowed him to survive defendants' motion for summary judgment. He complains that the district court "refused to allow" him to depose any witnesses prior to entering summary judgment against him. Mr. Hooper filed an omnibus motion requesting leave to depose witnesses at government expense, requesting, among other things, issuance of subpoenas and a writ of habeas corpus ad testificandum. The district court denied the motion, finding that there was no authority to pay the witness fees at government expense. Mr. Hooper fails to show that he renewed his request to take depositions after the district court denied payment from government funds. The only issue preserved for review, therefore, is whether the district court should have ordered payment or waiver of his witness fees and other deposition expenses.

Mr. Hooper contends that 28 U.S.C. § 1915, the *in forma pauperis* statute, required the district court to order payment of his witness fees and deposition

expenses. 28 U.S.C. § 1915(a)[2] provides that a United States court "may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees and costs or security therefor." Every circuit considering this issue has held that § 1915(a)'s waiver of prepayment of "fees or costs" does not authorize the federal courts to waive or order payment of witness fees for a civil litigant proceeding *in forma pauperis*. See Malik v. Lavalley, 994 F.2d 90, 90 (2d Cir. 1993); Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989); McNeil v. Lowney, 831 F.2d 1368, 1373 (7th Cir. 1987); Cookish v. Cunningham, 787 F.2d 1, 5 (1st Cir. 1986); United States Marshals Service v. Means, 741 F.2d 1053, 1056-57 (8th Cir. 1984); Johnson v. Hubbard, 698 F.2d 286, 289-90 (6th Cir. 1983); see also Pedraza v. Jones, 71 F.3d 194, 196 n.4 (5th Cir. 1995) (noting rule in other circuits); Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) (discussing civil litigation expenses generally); see generally United States v. MacCollom, 426 U.S. 317, 321 (1976) ("expenditure of public funds is proper only when authorized by Congress."). We agree with the reasoning

---

[2]    Section 1915(a) has been amended by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (PLRA). The statute now provides only for exemption from prepayment of "fees or security therefor." 28 U.S.C. § 1915(a)(1). Since Mr. Hooper filed his action in the district court before PLRA became effective, we apply the former version of § 1915(a). Cf. White v. Gregory, 87 F.3d 429, 430 (10th Cir.), cert. denied, 117 S. Ct. 528 (1996) (applying former version of § 1915 to payment of filing fee for appeal, where appellant filed notice of appeal before PLRA's effective date).

advanced in those cases, and hold that Mr. Hooper has failed to demonstrate his entitlement to have his witness fees or other expenses for proposed depositions waived or paid at government expense.

III.

Mr. Hooper raises several objections to the district court's discovery orders. A district court may limit the scope of discovery, in order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). We review its discovery orders for abuse of discretion. See Burks v. Oklahoma Publ'g Co., 81 F.3d 975, 981 (10th Cir.), cert. denied, 117 S. Ct. 302 (1996).

Mr. Hooper first asserts that the district court erred in limiting the relevant time frame for his discovery requests to December 1, 1993 through February 11, 1994. Mr. Hooper argues that he needed "expert reports" from a Department of Justice investigation of TCCJ, which were prepared after his incarceration. He claims the reports would have proved that structural deficiencies at TCCJ played a major role in his exposure to tuberculosis. The condition of TCCJ's physical plant, however, was only relevant if Mr. Hooper could show that an inmate with active tuberculosis was incarcerated at TCCJ, which he has failed to do.

Mr. Hooper also argues that the reports "might have" helped prove he was incarcerated with an inmate who had tuberculosis. This is pure speculation. He

relies on a Department of Justice demand letter based on the reports. This letter cites only <u>potential</u> danger from the spread of infectious diseases; it makes no claim that any particular incident of tuberculosis contagion has occurred. In sum, Mr. Hooper fails to show that the district court abused its discretion by limiting the time frame for discovery.

Mr. Hooper next argues that the district court should have granted his motion to compel defendants to respond to (1) his interrogatories regarding TCCJ's ventilation system, and (2) his request for production of redacted medical records of every inmate housed on the eighth and ninth floors at TCCJ during his incarceration. For reasons already discussed, information about the ventilation system was irrelevant. Further, the request for medical records was grossly overbroad; the district court acted within its discretion to avoid a fishing expedition. <u>See, e.g.</u>, <u>Jarvis v. Nobel/Sysco Food Servs. Co.</u>, 985 F.2d 1419, 1423 n.4 (10th Cir. 1993).

Mr. Hooper next contests the district court's denial of defendant Lewis's motion for release of state and county health department records concerning whether Mr. Hooper's cellmate was ever reported to have active tuberculosis.[3]

_____

[3] Defendant Lewis argues that Mr. Hooper lacks standing to raise this issue, because he did not join in the motion. Mr. Hooper did file a response to the motion, however, requesting that the records be released to him as well. Assuming that Mr. Hooper thereby became an "aggrieved party" to the order, we

(continued...)

The district court denied the motion because the information sought was privileged and confidential under Oklahoma law. In a § 1983 case, privileges are governed by federal law. See Fed. R. Evid. 501. Supreme Court Standard 502, which is persuasive authority for interpretation of Rule 501, recognizes a federal privilege for required reports privileged by state statute.

Oklahoma law makes its health department's records concerning communicable diseases privileged and confidential. See Okla. Stat. tit. 63, §§ 1-502.2. It does authorize their release under court order, see id. § 1-502.2(A)(1), but only "in such a way that no person can be identified unless otherwise provided for [in the statute] or by law," id. § 1-502.2(A). Here, Mr. Hooper seeks the public health records of a specific, identifiable inmate who is not a party to this action. The district court acted within its discretion in refusing to order their disclosure.

IV.

Mr. Hooper next argues that the district court erred in failing to consider or address the affidavit of sheriff's deputy Robert Mark de Armon. Defendants submitted this affidavit to the district court prior to entry of summary judgment. Mr. Hooper fails to explain why he believes the district court did not consider it.

---

[3](...continued)
nevertheless affirm for the reason stated.

The district court need not discuss in detail every piece of evidence considered in making its summary judgment determination; it must merely make a determination whether that evidence shows there is a genuine issue of material fact. Cf. Aramburu v. Boeing Co., No. 96-3032, 1997 WL 221401, at *1 and n.1 (10th Cir. May 5, 1997) (discussing summary judgment findings).

We have considered the affidavit as part of our de novo review of the record. It is generally favorable to defendants' position. Even assuming that the district court failed to consider it, Mr. Hooper's contention that the affidavit could have tipped the scales in his favor lacks merit.

V.

Mr. Hooper contests the district court's refusal to appoint counsel for him. Mr. Hooper clearly had "a firm grasp of the fundamental issues in his case and [was] capable of presenting his case intelligently and coherently." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). The legal issues were not complex, and the factual record which was developed reveals that Mr. Hooper was unlikely to prevail on his claims, even with the assistance of an attorney. See id. The district court did not abuse its discretion by refusing to appoint counsel for Mr. Hooper.

VI.

We further affirm the district court's decision not to exercise supplemental jurisdiction over Mr. Hooper's state law claims.  See, e.g., Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1492 (10th Cir. 1995), cert. denied, 116 S. Ct. 1045 (1996).

VII.

Mr. Hooper's remaining procedural issues could have no impact on the outcome of this case, even if decided in his favor.  We therefore decline to address them.  See Griffin v. Davies, 929 F.2d 550, 554 (10th Cir. 1991).[4]

VIII.

The judgment of the district court is AFFIRMED.  The mandate shall issue forthwith.


Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[4]     Mr. Hooper attempts to incorporate by reference (1) the arguments and authorities raised in voluminous attachments to his brief, and (2) the entire text of a brief filed here in an earlier, premature appeal to this court.  These materials far exceed the fifty-page limit on opening briefs in this court, see Fed. R. App. P. 28(g), and we therefore decline to consider them, see Conkling v. Turner, 18 F.3d 1285, 1299 n.14 (5th Cir. 1994).