**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In Re: RICHARD RAMSEY
HOPKINS and CHERILYN BAKER
HOPKINS,

     Debtors,

_____

O'MELVENY & MYERS; GIBSON,
DUNN & CRUTCHER, LLP,

     Plaintiffs-Appellees,

v.

RICHARD RAMSEY HOPKINS,

     Defendant-Appellant.

No. 98-1186
(D.C. No. 97-AP-888 (Consolidated
with D.C. No. 97-AP-2263))
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Richard Ramsey Hopkins, proceeding pro se, appeals the district court's dismissal of his consolidated bankruptcy appeal for failure to prosecute in accordance with the local rules and previous orders of the court. We reverse and remand.

On April 30, 1997, the district court held a pre-briefing conference on Hopkins' appeal of a grant of summary judgment in D.C. No. 97-AP-888 ("Appeal 1"), and issued a Minute Order specifying that "[t]he opening brief and the response brief shall not exceed 10 pages in length." (Dkt. # 48, Ex. A at 2, Supp. Vol. VI.) On October 20, 1997, the district court held a pre-briefing conference on Hopkins' appeal of a grant of summary judgment in a related case, D.C. No. 97-AP-2263 ("Appeal 2"), and again issued a Minute Order specifying that the opening and response briefs should not exceed 10 pages. (Dkt. # 48, Ex. B at 2, Supp. Vol. VI.)[1] On January 30, 1998, Hopkins filed two briefs in the district court, one for each of his consolidated appeals. (Dkt. # 46 & 47, Vol. I.) The brief in Appeal 1 was 19 pages single-spaced, (Dkt. # 46, Vol. I); the brief in Appeal 2 was 8 pages single-spaced, (Dkt. # 47, Vol. I). The Appellees, O'Melveny & Meyers and Gibson, Dunn & Crutcher LLP, moved to strike the briefs, (Dkt. # 48, Supp. Vol. VI), and Hopkins responded with a request for

_____

[1]The district court consolidated Appeal 1 and Appeal 2 on November 7, 1997. (Dkt. # 31, Supp. Vol. V.)

relief from the local rules, (Dkt. # 49, Supp. Vol. VI). On February 18, 1998, the district court denied Hopkins' request for relief from the local rules, and accepted the recommendation of the magistrate judge that the briefs be stricken "for failure to comply with D.C. Colo. LR 5.1F, which requires that all papers be double spaced and for raising a new issue on appeal." (Dkt. # 50 at 1-2; 51, Supp. Vol. VI.)[2]

On March 2, 1998, Hopkins filed a motion to amend his briefs and attached two amended briefs "in the event this request is granted." (Dkt. # 54, Vol. I.) The amended brief in Appeal 1 was 14 pages double-spaced and the amended brief in Appeal 2 was 8 pages double-spaced. (Dkt. # 54, Ex. A & B, Vol. I.) The amended brief in Appeal 1 retained the new issue, (see Aplt. Brief at 2), and the amended brief in Appeal 2 incorporated by reference significant portions of the amended brief in Appeal 1. (Dkt. # 54, Ex. B at 2, 3, 8, Vol. I.) On March 30, 1998, the magistrate judge issued a recommendation that Hopkins' motion be denied, and that Hopkins' consolidated appeal be dismissed for failure to prosecute "in accordance with the rules of this Court as set forth in the previous orders of this Court." (Dkt. # 57, Vol. I.) On April 14, 1998, the district court adopted the magistrate judge's recommendation and dismissed the appeal. (Dkt. # 60, Vol. I.)

---

[2]D.C. Colo. LR 5.1F states: "All papers shall be double-spaced."

We review the district court's dismissal for failure to prosecute for abuse of discretion. See Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994). Although a district court has the inherent power to dismiss an action for failure to prosecute, see Meade v. Grubbs, 841 F.2d 1512, 1520 (10th Cir. 1988), this court has characterized dismissal with prejudice as an "extreme sanction," and has cautioned district courts to consider the following factors before choosing dismissal: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Jones v. Thompson, 996 F.2d 261, 263 (10th Cir. 1993) (quoting Ehrenhaus v. Reynolds, 965 F.2d 916, 920-21 (10th Cir. 1992)).

We find several aspects of the district court's dismissal troubling. First, unlike in Ehrenhaus, the district court did not warn Hopkins that dismissal of his claims would result from a further failure to comply with the local rules or court orders. While such a warning is not always necessary, it is a factor which we consider in determining whether the district court abused its discretion. See Ehrenhaus, 965 F.2d at 919, 922. Second, the magistrate judge's recommendation to strike Hopkins' first set of briefs, adopted by the district court in its order striking the briefs, made no reference to the page limit set out in the previous

- 4 -

orders, but instead pointed to Hopkins' failure to comply with the local rule requiring double-spacing, and to his raising a new issue.  (See Dkt. # 50 at 1-2; 51 Supp. Vol. VI.)  In light of this omission, which had the potential of misleading Hopkins into thinking that the court would not strictly apply its page limit,[3] Hopkins failure to adhere to the page limit after significantly shortening his briefs does not appear quite so egregious.[4]  Third, Hopkins' amended briefs cured the single-spacing defect explicitly enunciated in the magistrate judge's recommendation.  Although Hopkins' amended brief in Appeal 1 still retained the new issue, the ordinary remedy for raising a new issue on appeal is not dismissal but rather a refusal to consider the new issue, and a consideration only of those issues properly raised.  Fourth, and most importantly, the district court failed to consider the Ehrenhaus factors in its dismissal.  Rather, the district court merely adopted the magistrate judge's terse recommendation that the appeal be dismissed

---

[3]However, despite the district court's failure to reference its page limit as a reason for striking Hopkins' briefs, Hopkins did assume that the district court struck them because of the court's "desire to avoid lengthy briefs."  (Dkt. # 54, Vol. I.)

[4]Hopkins argues that the 8-page amended brief in Appeal 2 was "well within the 10 page limits of the local rules."  (Aplt. Brief at 2.)  However, since a party cannot use incorporation by reference to circumvent the page requirements for brief-writing, see Fleming v. Kane, 855 F.2d 496, 498 (7th Cir. 1988); Hooper v. Tulsa County Sheriff Dep't, 113 F.3d 1246, 1197 WL 295424, at * 4 n.4 (10th Cir. 1997) (unpublished disposition), Hopkins' amended brief in Appeal 2 would exceed 10 pages once the references it incorporates from the amended brief in Appeal 1, which itself exceeded the page limit, are taken into account.  Thus, both of Hopkins amended briefs exceeded the page limit.

for failure to prosecute in accordance with the local rules as set forth in the previous court orders. (Dkt. # 57, Vol. I.) While Ehrenhaus involved dismissal as a discovery sanction under Rule 37(b)(2) of the Federal Rules of Civil Procedure, see 965 F.2d at 920, we have adopted the Ehrenhaus standard for all orders of dismissal, not just for those involving discovery disputes. See Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994).

In Mobley, where we reviewed a dismissal for failure to comply with an order dismissing a previous suit, we stated that

> [t]he actions of the district court were simply not consonant with the dictates of Jones and Ehrenhaus. The trial court's failure to evaluate and weigh these relevant factors prohibits this court from engaging in any meaningful review of the trial court's decision. Accordingly, we must hold this failure amounts to an abuse of discretion. Moreover, due to the severity of the sanction actually imposed, we are particularly concerned with the trial court's failure to consider whether a lesser sanction would be appropriate in order to achieve the purposes behind sanctioning a recalcitrant litigant.

40 F.3d at 341.

As in Mobley, we are concerned particularly by the district court's lack of analysis on the fifth factor enunciated in Ehrenhaus, the efficacy of lesser sanctions. Lesser sanctions which the district could have considered include striking the new issue in the amended brief for Appeal 1, rejecting Hopkins' amended briefs and warning him that any further violations of the local rules or previous orders would result in dismissal, or issuing a contempt citation and fine.

We express no opinion as to the efficacy of these lesser sanctions, but we believe that the district court at least should have analyzed the efficacy of these or other lesser sanctions. In light of the district court's failure to do so, and its failure to consider the other Ehrenhaus factors, we reverse the judgment of the district court and remand this case.

As in Mobley, we do not opine what the district court should decide on remand. See 40 F.3d at 341. Rather, if the district court again considers dismissing Hopkins' appeal, it should address the Ehrenhaus factors in making its decision.[5] We reemphasize the severity of dismissal as a sanction, as dismissal "defeats altogether a litigant's right to access to the courts," Mobley, 40 F.3d at 340, and therefore is an appropriate sanction "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." Ehrenhaus, 965 F.2d at 921. While we do not require the district court to make an extensive report on remand, we do require that it provide us with sufficient analysis supporting any further dismissal so that we have an adequate basis to judge whether the district court acted within its discretion.[6]

---

[5]A district court need not explicitly analyze all of the Ehrenhaus factors when, unlike in this case, the record is clear enough for us to evaluate and weigh the factors and make a meaningful review of the trial court's decision.

[6]In appealing the district court's dismissal, Hopkins makes several arguments that lack merit and hence do not warrant extended discussion. Among them are his claims that the district court erred in striking his first set of briefs, in

(continued...)

REVERSED and REMANDED. The mandate shall issue forthwith.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[6](...continued)
denying his motion to file his non-conforming amended briefs, and in dismissing both of his appeals despite his assertion that his amended brief in Appeal 2 was in "full and complete compliance with the local rules." (Aplt. Brief at 3-4.) As all of Hopkins' briefs were non-complying, including both of his amended briefs, see supra n.4, it was well within the discretion of the district court to strike them.

Hopkins further claims that the brief-writing requirements set forth in the district court order were so vague and ambiguous as to violate his right to due process. (See Aplt. Brief at 3B.) There is no merit to this argument.

Hopkins also argues that he should be excused for his failures to comply with the brief-writing requirements because he is a pro se litigant. (See Aplt. Brief at 2, 4.) While pro se litigants generally are held to less stringent standards than counseled litigants, see McCottrell v. EEOC, 726 F.2d 350, 351 (10th Cir. 1983), Hopkins' status as a pro se litigant carries little weight here, as a pro se litigant still must comply with the rules of procedure, including local rules. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Furthermore, Hopkins' pro se status carries even less weight in light of his 20 years of experience as an attorney. (See Aplt. Reply at 10.)